# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TAMARA N. JOHNSON, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO: 4:21-cv-02192 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Tamara N. Johnson ("Johnson") seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Johnson and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 15 and 16. After reviewing the briefing, the record, and the applicable law, Johnson's motion for summary judgment is **DENIED,** and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Johnson filed applications for disability insurance benefits under Title II and Title XVI of the Act in February 2019, alleging disability beginning on January 18, 2019. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Johnson was not disabled. Johnson filed an appeal with the Appeals Council. The

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Johnson "has not engaged in [substantial gainful activity] since January 18, 2019, the alleged onset date." Dkt. 11-3 at 22.

The ALJ found at Step 2 that Johnson suffered from "the following severe impairments: systemic lupus erythematosus (SLE); rheumatoid arthritis; diabetes mellitus; and obesity." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Johnson's RFC as follows:

> [T]he the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that the claimant can stand and walk a total of four hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally reach in all directions, including overhead, with the right-dominant upper extremity; and frequently handle, finger, and feel with the right-dominant upper extremity.

*Id.* at 23.

At Step 4, the ALJ found that Johnson "is unable to perform any past relevant work." *Id.* at 30. At Step 5, considering Johnson's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ concluded that Johnson was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 32. Consequently, the ALJ determined that Johnson was not disabled.

## DISCUSSION

Johnson contends that in several ways the ALJ's RFC determination is not supported by substantial evidence. I will address each of her arguments in turn.

First, Johnson argues that the ALJ failed to make any finding regarding her alleged mental impairment. *See* Dkt. 15 at 7. This argument fails.

"To assess the RFC, the ALJ must consider all medically determinable impairments, including those not labeled severe at step two." *Dunham v. Berryhill*, No. CV H-17-2641, 2018 WL 6574838, at *2 (S.D. Tex. Nov. 21, 2018). The administrative record reflects that Johnson did not allege any mental impairments. *See* Dkt. 11-10 at 7. Consequently, in this appeal, Johnson attempts to demonstrate her purported mental impairment by relying on her self-reports, a one-off statement that she was "stressed out" contained in a single treatment note, and vague statements from her treating physician's medical opinion. *See* Dkt. 15 at 7–8. None of this is adequate to establish a medically determinable impairment. *See* 20 C.F.R. §§ 404.1521 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."); 416.921 (same). Cutting to the chase, the ALJ failed to discuss Johnson's purported mental impairments because the administrative record did not reflect the existence

4

of any medically determinable mental health impairments. This was not error. *See Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004).

Next, Johnson claims that the ALJ's finding that she can frequently handle, finger, and feel with the right-dominant upper extremity "is unsupported by any physician of record who has reviewed [her] entire medical record." Dkt. 15 at 10. In other words, Johnson claims the ALJ's manipulative-limitations finding is unsupported by substantial evidence. Johnson is mistaken.

The primary thrust of Johnson's argument is that the ALJ's manipulative-limitations finding is only supported by the medical opinions of the state agency physicians. Johnson avers that because the state agency physicians did not have the benefit of her complete medical record, their opinions are inadequate and therefore cannot support the ALJ's findings. Stated differently, Johnson contends the ALJ improperly played doctor by assessing her limitations absent corroborating medical opinion evidence. While making this argument, Johnson points me to her self-reports, as well as other evidence supposedly supporting her claimed limitations. If the facts were as Johnson claims—i.e., no other medical opinions supporting the ALJ's determination—I might find the ALJ's determination problematic. But the administrative record does contain another medical opinion that supports the ALJ's manipulative-limitations finding. Specifically, Johnson's treating physician, Dr. Nilda L. Colon-Rivera, submitted a medical opinion in which she declined to limit Johnson "in terms of lifting, carrying, pushing, pulling, sitting, standing, or walking," Dkt. 11-3 at 30, and found inapplicable any limitation related to "reaching, handling or fingering." Dkt. 11-20 at 77. Thus, at best, the administrative record contains competing evidence on the issue of Johnson's manipulative limitations. The Commissioner has resolved the conflict. It is not my role to reweigh or second-guess that administrative decision. *See Ramirez*, 606 F. App'x at 777.

Lastly, Johnson contends that the ALJ failed to properly evaluate her treating physician's medical opinion. *See* Dkt. 15 at 11. On this point, Johnson simply argues that her treating physician found that she would need 10- to 15-minute breaks in the workplace every two to three hours, but the ALJ failed to include her need for breaks in the RFC or convey as much to the vocational expert. Although Johnson frames her discussion in other terms, she's really asking me to second-guess the ALJ.

In the decision, the ALJ thoroughly discusses the voluminous medical record before directly addressing Johnson's treating physician's medical opinion. In assigning weight to the treating physician's medical opinion, the ALJ noted conflicts in the evidence of record, as well as inconsistencies contained in the medical opinion itself. *See* Dkt. 11-3 at 29–30. Ultimately, the ALJ found the treating physician's medical opinion "to be less persuasive." *Id.* at 30. Based on this determination, the ALJ then opted not to include the limitation of Johnson needing additional breaks in the RFC. Consequently, the ALJ did not relay the limitation to the vocational expert because it was not contained in the RFC. I find no error in the way the ALJ weighed the treating physician's opinion. And, as stated above, it is not my role to reweigh conflicting evidence or second-guess the ALJ's resolution of such conflicting evidence. *See Ramirez*, 606 F. App'x at 777.

## CONCLUSION

For the reasons provided above, Johnson's motion for summary judgment (Dkt. 15) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 16) is **GRANTED**.

SIGNED this 17th day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE